IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID A. YOUNG
and JOHANA M. GRIGGS,
    Plaintiffs,

vs.                                                 Case No.: 3:13cv344/MCR/EMT

PNC FINANCIAL SERVICES GROUP
INC., SERVICER, Representing out of Business
Original Lender; FEDERAL HOME LOAN
MORTGAGE CORP., TRUSTEE, for
MULTICLASS SERIES 3051, 2005, TRUST, all
JOHN & JANE DOES 1-1,000, et. al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        State court Defendants PNC Financial Services Group, Inc. ("PNC") and Federal Home Loan Mortgage Corp. ("FHLMC") initiated this action by filing a Notice of Removal seeking to remove a state court action filed by Plaintiffs in the Circuit Court in and for Okaloosa County, Florida, Case No. 2013-CA-1929 (doc. 1). Now pending is Plaintiffs' "Motion of Objection and Motion for Dismissal to Defendants' Notice of Removal," which the court construes as a motion to remand this action to state court (doc. 5). Additionally, PNC and FHLMC filed a motion for extension of time to respond to Plaintiffs' complaint (doc. 6).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, the undersigned concludes that Plaintiffs' motion for remand should be denied. The court additionally concludes that Defendants' motion for extension of time should be granted.

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

> (a) . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all maters in which State law predominates.

28 U.S.C. § 1441(a–c). Original jurisdiction over a case may be established where the action "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352 n.2 (11th Cir. 2003). In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the plaintiff's cause of action. *See* Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936). Second, the federal question which is the predicate for removal must be "presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of Louisiana, 552 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)); *see also* Gully, 299 U.S. at 112–13 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."). "A case will not be removable if the complaint does not affirmatively allege a federal claim."

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). ). Finally, the party seeking removal bears the burden of satisfying each of these preconditions by showing the existence of federal subject matter jurisdiction. *See* Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28, 94 S. Ct. 1002, 1003, 39 L. Ed. 2d 209 (1974); Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Burns v. Windsor Inc. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (the defendant seeking removal has the heavy burden of proving removal is proper). Remand is favored when there is a doubt as to whether removal was proper. *See* Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); Burns, *supra*.

      Federal statutes also provide procedural requirements for removal. Title 28 U.S.C. § 1446 provides the procedure for removal and provides that a defendant desiring to remove a civil action from a state court shall file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The federal district court shall examine the notice promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1446(c)(4). In cases where there are multiple defendants, the rule of unanimity mandates that all defendants join in removing the state court action to federal court. *See* Russell Corp., 264 F.3d at 1049 (affirming district court's remand to state court for lack of unanimous consent to removal).

      Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The thirty-day time period set forth in § 1446(b) is strictly construed. *See* Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to remand).

      In Plaintiffs' motion to remand, they appear to assert three grounds for remand. First, Defendants' counsel failed to provide them with "an affidavit to remove the case to Federal Court." (doc. 5, ¶ 4). Second, the "rule of unanimity" is not satisfied, because Plaintiffs do not consent to removal (*id.*, ¶ 5). Third, this federal court lacks subject matter jurisdiction (*id.*, ¶¶ 6–9).

None of Plaintiffs' arguments are meritorious. Initially, Plaintiffs failed to provide authority for the proposition that Defendants must provide an affidavit in support of removal. Additionally, Defendants' notice of removal, filed by both Defendants, demonstrates the rule of unanimity is satisfied (doc. 1). Finally, Plaintiffs' original complaint (filed in state court) alleged claims under federal law, specifically, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* (doc. 1-1, ¶¶ 1–3, 9, 13, 46–58, 108).[1] Therefore, federal question jurisdiction exists. *See, e.g.*, Boone v. JP Morgan Chase Bank, 447 F. App'x 961, 963 (11th Cir. 2011) (unpublished) (removal to federal court was proper where plaintiff's state court complaint alleged violations of TILA, RESPA, and FDCPA); Johnson v. Wellborn, 418 F. App'x 809, 814 (11th Cir. 2011) (unpublished) (federal question jurisdiction existed at the time defendants filed notice of removal, because plaintiff's state court complaint alleged claims under the FHA and the FDCPA in addition to state law claims).[2]

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiffs' motion for remand (doc. 5) be **DENIED**.
2. That Defendants' motion for extension of time to respond to the complaint (doc. 6) be **GRANTED**, and Defendants' answer to the complaint be due on or before **JULY 12, 2013.**

At Pensacola, Florida this 13th day of June 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

[2] The undersigned cites Boone and Johnson only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.: 3:13cv344/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**